Raymond Leon BELLE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 76–1232.

United States Court of Appeals,
Eighth Circuit.

Submitted June 24, 1976.

Decided July 14, 1976.

Raymond Leon Belle, pro se.

Barry A. Short, U. S. Atty. and Frank A. Bussmann, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Appellant Belle in this pro se appeal seeks reversal of the district court's order denying his motion for section 2255 relief from his conviction for causing the interstate transportation of a "falsely made, forged, altered, or counterfeited security," in violation of 18 U.S.C. § 2314. His conviction was affirmed in *United States v. Belle,* 516 F.2d 578 (8th Cir. 1975). He now contends that (1) the paragraph of 18 U.S.C. § 2314 under which he was indicted[1] does not encompass the act of causing transportation but only transportation itself and (2) the interstate transportation of a "forged endorsement" does not fall within the ambit of section 2314. We affirm.

The facts are adequately summarized in *United States v. Belle, supra,* and need not be repeated here.

■ Appellant's contention that the paragraph of 18 U.S.C. § 2314 under which he was indicted fails to encompass the causing of interstate transportation has been thoroughly rejected. *United States of Buckles,* 495 F.2d 1377, 1379 (8th Cir. 1974).

\* \* \* \* \* \*

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

1. Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax stamps, knowing the same to have been falsely made, forged, altered, or counterfeited \* \* \*

**980**

*See also Pereira v. United States,* 347 U.S. 1, 8, 74 S.Ct. 358, 98 L.Ed. 435 (1954).

Appellant further contends that section 2314 does not encompass a mere "forged endorsement." This contention overlooks, of course, the government's proof that both the endorsement and the authorizing signature were forged. In any event, appellant's contention is devoid of merit. We have held that proof of either a forged security or a falsely made security suffices for conviction under section 2314. *Hall v. United States,* 372 F.2d 603, 611 (8th Cir. 1967). The words "falsely made" and "forged" as used in section 2314 are substantially synonymous. *United States v. Johnson,* 504 F.2d 622, 625 (7th Cir. 1974).

Affirmed.